IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

| | |
|---|---|
| DONALD RAY GORDON, | Cause No. CV 05-32-M-JCL |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION |
| | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY,[1] | |
| Respondent. | |

_____

## I.   BACKGROUND

This matter comes before the Court on a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. The Court has previously conducted a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. As a result of such review the Court noted various defects as identified in the February 2, 2006 Order. That Order sufficiently summarized the subject and

---

[1] Petitioner previously named the State of Montana as the Respondent in this case. However, as directed by the February 2, 2006 Order, Petitioner filed an amended page 1 of his petition properly identifying Warden Mike Mahoney as the Respondent. The Court will accept that amended filing as sufficient to amend his petition.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 1

background of this case, and those matters will not be repeated herein except to the extent necessary to resolve the issues raised in that Order.

The February 2 Order concluded that the Petitioner's two habeas claims are subject to dismissal for two reasons. First, the Petitioner's claims are procedurally defaulted. Second, this action is potentially barred by the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) at 28 U.S.C. § 2244(d).

The Court gave Petitioner an opportunity to file a brief in response to the two grounds for dismissal. The Court has considered the arguments presented by the Petitioner and enters the following Findings and Recommendations.

## II.  DISCUSSION

### A.  Procedural Default

As discussed in the February 2 Order, the Petitioner's claims are procedurally defaulted and would be barred from review in federal court unless the Petitioner can satisfy one of the two exceptions to the procedural default rule:

> [F]ederal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, **or** demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 2

*See also High v. Ignacio*, 408 F.3d 585, 590 (9th Cir. 2005). Accordingly, the Petitioner's procedural default can only be excused if he makes either a showing of both cause and prejudice, or a showing of a fundamental miscarriage of justice.

### 1.  **Fundamental Miscarriage of Justice**

The fundamental miscarriage of justice exception allows a federal court to review a procedurally barred claim if the petitioner can establish what is generally referred to as "actual innocence". *See Majoy v. Roe*, 296 F.3d 770, 775-76 (9th Cir. 2002). A petitioner must establish "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner's February 17, 2006 brief does not seek to establish the elements of the fundamental miscarriage of justice exception. He admits he committed the crime. He states he is "not trying to over turn my conviction", but instead he simply seeks to modify his sentence. Therefore, the Court concludes Petitioner has not established "actual innocence", and therefore he has not satisfied the fundamental miscarriage of justice exception.

### 2.  **Cause and Prejudice**

Under the cause and prejudice exception, the cause element is described as follows:

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 3

> "A showing of cause 'must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule.'"

*High*, 408 F.3d at 590 (citation omitted) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Objective factors that constitute cause include interference by officials that makes compliance with the state's procedural rule impracticable, a showing that the factual or legal basis for a claim was not reasonably available to counsel, or constitutionally ineffective assistance of counsel.  *Murray*, 477 U.S. at 488.

Petitioner's February 17 brief presents arguments relative to the issue of cause.  Petitioner pled guilty to felony sexual assault on November 19, 1999, and on March 2, 2000, he was sentenced to 40 years in prison with 10 years suspended.  Following his conviction, Petitioner, with the assistance of counsel, first pursued his remedies with the Sentence Review Division of the Montana Supreme Court.  The Sentence Review Division affirmed Petitioner's sentence on March 2, 2001.

Petitioner states that after the Sentence Review Division's decision his attorney withdrew from his representation of the Petitioner.  Petitioner states that before his attorney withdrew, however, the attorney never told him that by the time of the March 2001 decision his "limitations [had] run out[,]" apparently referring to the fact that the time to appeal his conviction had

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 4

expired.  Petitioner contends he was then left with no other avenue to challenge his conviction in the state court.

Petitioner explains that during this period of time he began to suffer a loss of hearing.  Although the Petitioner met with the attorney hired by the prison to assist inmates, Petitioner claims he could not hear or understand what that attorney was telling him.  Petitioner claims the prison officials did not provide him any assistance to address his hearing impairment.

Petitioner also attempted to seek assistance from outside sources.  He sent letters soliciting the assistance of other attorneys, and consulted other inmates at the prison, all to no avail.  In particular, other inmates were not able to assist Petitioner because they had to communicate with him in writing due to his hearing loss, but prison policy prohibits such communication and legal assistance from other inmates. Petitioner states that at one point security officers confiscated his legal papers because another inmate was assisting him in making photocopies.

Petitioner presents further details regarding the difficulties posed by his hearing disability.  He states he has not had access to a telephone with TTY capabilities, and he has not otherwise had equal access to information because of his impairment.  He states other inmates with good hearing are at an advantage when it comes to getting help and procuring

information.  For example, he has been unable to attend a parole education group because of his impairment.

The Court fully appreciates the difficulties Petitioner has due to his hearing loss.[2]  However, such difficulties which hamper his access to information cannot rise to the level of an "objective factor external to the defense [which] impeded [the prisoner's] efforts to comply with the State's procedural rule" as contemplated under *Murray*, infra.  Petitioner's hearing disability, together with his *pro se* status, are not sufficient circumstances to constitute cause to excuse the default.  *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (concluding a *pro se* inmate's illiteracy was not sufficient cause).  Other than the one time a security guard purportedly confiscated his legal papers, none of Petitioner's arguments demonstrate any interference by officials that prevented Petitioner from complying with state procedural rules for the exhaustion of his state remedies.  Even if the Court accepts as true that the Petitioner's legal papers were confiscated, there is nothing in Petitioner's argument indicating that the timing or duration caused Petitioner's procedural default.

Furthermore, Petitioner does not argue he had some factual

---

[2]For purposes of this recommendation the Court will accept as true Petitioner's representation that he is deaf.  *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 6

or legal basis for a claim that was not reasonably available to him during the time period he was required to pursue his state remedies.

Finally, Petitioner complains about the conduct of the attorney who represented him in his criminal case. He believes his defense attorney was hired by the prosecutor's office resulting in a conflict of interest which prevented his attorney from seeking a less severe sentence for Petitioner. However, an attorney's performance which is not shown to be constitutionally ineffective cannot support a finding of "cause" to excuse procedural default. *Murray*, 477 U.S. at 488. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

Even if the Court were to assume the performance of Petitioner's counsel was constitutionally ineffective in relation to his purported failure to achieve a better sentencing result, it is clear Petitioner has never presented that claim to the Montana Supreme Court for purposes of exhausting his state court remedies. For a claim of ineffective assistance of counsel to constitute "cause" the claim must first be exhausted (*Murray*, 477 U.S. at 489), or if such a claim is procedurally defaulted a petitioner must first show cause and prejudice for the procedural default of the claim. *Edwards*, at 452-453. Therefore, Petitioner cannot rely on his asserted claim of ineffective assistance of counsel in support of a finding of "cause" for the

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 7

procedural default of the two habeas claims pled in this case.

Having failed to establish cause, the Court need not consider the prejudice prong of the exception. *Thomas v. Lewis*, 945 F.2d 1119, 1123 n.10 (9th Cir. 1991). Additionally, having failed to establish either exception to the procedural bar Petitioner's claims should be dismissed. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

**B.   Statute of Limitations**

As noted in the February 2 Order, Petitioner's claims may also be subject to dismissal due to the one-year statute of limitations imposed by 28 U.S.C. § 2244(d). However, because the petition is appropriately dismissed based upon the Petitioner's procedural default, the Court need not resolve the statute of limitations issue.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

The Petitioner's habeas petition should be dismissed on the basis his claims for relief are procedurally defaulted as found in the February 2, 2006 Order, and Petitioner has not established the existence of either exception to the procedural bar applicable to his claims.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

The Clerk of Court shall serve a copy of this Findings and

Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636(b)(1), they have the right to file written objections to this Findings and Recommendation.  Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the date this Findings and Recommendation is signed, or objection is waived.

     DATED this   30th   day of October, 2006.

                                /s/ Jeremiah C. Lynch
                               Jeremiah C. Lynch
                               United States Magistrate Judge